| | |
|---|---|
| **MARGARITA BALDERAS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | |
| § | |
| **ISS ACTION, INC.,** § | |
| § | |
| **Defendant.** § | |



# PLAINTIFF'S ORIGINAL PETITION AND JURY DEMAND

Plaintiff, MARGARITA BALDERAS (hereinafter referred to as "Plaintiff") complaining of ISS ACTION, INC. (hereinafter referred to as "Defendant"), and for a cause of action would respectfully show this Court the following:

## I. Discovery Control Plan

Pursuant to Rule 190, discovery in this case will be conducted in Level 3.

## II. Parties

Plaintiff is a resident of the County of El Paso, Texas.

Defendant ISS ACTION, INC. is a New York company doing business in El Paso, Texas and may be served with process by serving its registered agent, Northwest Registered Agent, LLC or any other officer or agent therein at 5900 Balcones Dr., Suite 100, Austin, Texas 78731, or wherever he or she may be found.

## III. Jurisdiction

This Court has subject matter jurisdiction because district courts are constitutional courts of general jurisdiction.

This Court has personal jurisdiction, both specific and general, over Defendant because they do business in Texas. Additionally, Plaintiff's cause of action arose in Texas and Defendant

is amenable to service by a Texas Court.

## IV. Venue

Venue is proper in El Paso County because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred there. TEX.CIV.PRAC. &REM. CODE §15.002(A) (1).

## V. Facts

On or about September 25, 2006, Plaintiff began working on contract with Border Patrol. Respondent was Wachkenhut, G4S. ISS Action took over on or about April 1, 2020. Defendant is an "employer" and the Plaintiff is an "employee" as those terms are defined in the Texas Commission on Human Rights Act, Texas Labor Code Section 21.000 *et seq*. At all times relevant, the Plaintiff was employed by the Defendant and qualified for her position.

On or about December 13, 2020, Plaintiff was injured on the job when she tried to pull herself from the steering wheel up onto the transport van because there were no running boards or steps on the van. She injured her right elbow due to the repetitious activity. Plaintiff made a Worker's Compensation claim and she was to return to work on or about January 8, 2021, but she was not allowed to.

On or about January 26, 2021, when Plaintiff returned to work from her injury, she requested a running board/step for the van. Sector Manager Eddie Joe Garcia stated "no, you cannot get one, cause then you're not "Fit for Duty"".

On or about March 12, 2021, Mr. Garcia took Plaintiff off her regular schedule days off and gave them to another officer based on the schedule to work the week of March 15 through March 21, 2021.

On or about March 25, 2021, Plaintiff was placed on the graveyard shift under mandatory overtime. Transportation Officer Cynthia Renteria, who is a female, in her 30's and became full

time with the contract on April 1, 2020. She had been a part-time employee since December 27, 2018. The Union contract stipulates mandatory overtime is determined by reverse sonority. Officer Renteria was next on the list to work mandatory overtime. Plaintiff emailed Mr. Garcia on March 22, 2021, advising him of this violation.

On or about March 29, 2021, Plaintiff had a Workers' Comp doctor's appointment due to her aggravating her elbow injury. Plaintiff was out of work from March 29, 2021 to April 8, 2021. She returned to work on April 9, 2021.

Plaintiff was off of work due to her Workers' Compensation injury from July 29, 2021 to November 1, 2021.

On or about November 19, 2021, Plaintiff called in due to her injury. Mr. Garcia wrote her up, even though she submitted a doctor's note.

On or about January 7, 2022, Plaintiff called off sick. Mr. Garcia started harassing her by telephone, insisting that she had not called in within the allotted time frame. Plaintiff wrote a memo dated January 11, 2022 regarding this incident.

On or about January 31, 2022, Mr. Garcia wrote Plaintiff up on an incident that occurred between Plaintiff and Security Guard Manuel Tarango on January 19, 2022 while she was delivering 12 detainees to be processed at the Border Patrol Central Processing Center. Plaintiff believes the write up was given to her due to retaliation for your time off and her accommodation requests.

On or about February 7, 2022, Mr. Garcia bypassed Plaintiff on the overtime list again and gave it to it to Transportation Officer Renteria, who was not on the overtime list. Plaintiff believes that she has been bypassed for overtime at different times since January 2022.

On or about February 10, 2022, Plaintiff applied for the Lead Transportation Officer position. The closing date was February 11, 2022, at 1500 hrs. Mr. Garcia sent her as e-mail telling her the position had already closed. He then called Plaintiff and said that she could not apply for the position because she didn't submit her request on time. Plaintiff disputed the dates and time, but Mr. Garcia said that she submitted it at 2100 hrs, which was true, but it was submitted on February 10, 2022. Mr. Garcia did not want Plaintiff as a LTO, so she believed that she needed to withdraw her resume on February 15, 2022 after him telling Plaintiff that she was not eligible. At this point, Plaintiff felt like she was going to get in trouble for her pending application. She became ill over all this.

On or about February 17, 2022, Plaintiff submitted a letter by e-mail from her doctor requesting a running board because she had been in pain and her injury was being aggravated due to her climbing into the van. To date, it has been denied.

On or about February 23, 2022, Plaintiff called in sick due to her injury. She was not paid for Monday, which was a holiday. February 21 was her regular day off.

## VI. Administrative Requisites Are Satisfied

On or about June 14, 2022, Plaintiff filed a formal charge of discrimination bearing charge no. 453-2022-00975 simultaneously with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division. Plaintiff was issued a Notice of Right to sue form the EEOC. This petition was timely filed and all conditions precedent to the filing of this suit have been performed or have occurred.

## VII. Causes of Action.

Plaintiff incorporates the previous section V and VI herein for all purposes.

**<u>Discrimination, Retaliation and Failure to Accommodate.</u>** The facts set forth above are incorporated by reference as if fully set forth herein. Plaintiff believes that she has been discriminated against because of her age and disability. Defendant failed to accommodate Plaintiff and failed to participate in the interactive process. Plaintiff was retaliated against for her participation in protected activity. The aforementioned acts of Defendant constitute unlawful discrimination in violation of the Tex. Labor Code, Section 21.001 *et. seq*. and the expanded coverage under Texas law.

## VIII. Damages

Plaintiff sues for actual damages proximately caused or otherwise produced by Defendant's conduct, which damages include, but are not necessarily limited to: past and future pain and suffering, mental anguish, shame, fear, humiliation, depression, embarrassment, anxiety, severe stress, damage to personal and professional reputation, loss of enjoyment of life, inconvenience, and other personal harms. Plaintiff also sues for past and future lost wages, and lost earning or employment capacity. Plaintiff will not seek, ask for, or accept an amount of damages and attorney fees in excess of $74,999.00, exclusive of interest and costs.

Plaintiff's damages are within the court's jurisdictional limits. Pursuant to the amendment of Texas Rule of Civil Procedure 47, Plaintiff pleads as stated in the Rule: Plaintiff will not seek, ask for, or accept an amount of damages and attorney fees in excess of $74,999.00, exclusive of interest and costs. In addition, Plaintiff is seeking nonmonetary relief. *See* Tex. R. Civ. P. 47.

Plaintiff has not calculated specific amounts for these elements of damages and does not anticipate doing so prior to trial. The Plaintiff understands and agrees that the amount of damages

that should be reimbursed to the Plaintiff is solely within the discretion of the Jury. While reserving the right to request from the jury such lesser amount as it determines to be fair and reasonable, at said insistence, the Plaintiff pleas the monetary relief as described in Texas Rule of Civil Procedure 47.

## IX. Attorney's Fees

Plaintiff seeks attorney's fees to the extent she is a prevailing party. Plaintiff will not seek, ask for, or accept an amount of damages and attorney fees in excess of $74,999.00, exclusive of interest and costs.

## X. Request For Relief

Based on the foregoing, Plaintiff requests that Defendant appears and answer, and that on final trial of this lawsuit, Plaintiff have final judgment against Defendant for the following relief:

a. All reasonable damages not to exceed $74,999.00, exclusive of costs and interests;
b. Exemplary damages;
c. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;
d. Plaintiff is seeking injunctive relief;
e. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation(s) of Tex. Labor Code, Section 21.001, et. seq.;
f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;
g. Costs of suit, including attorney's fees; and
h. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

## XI. Binding Stipulation

Plaintiff asserts the amount in controversy in this lawsuit is less than or equal to $74,999.00; and Plaintiff does not and will not seek or accept damages, including attorney's fees, in excess of $74,999.00, exclusive of interests and costs, in this case. *See* "Exhibit A" Binding Stipulation of Margarita Balderas.

### XII. Jury Demand

Plaintiff demands a jury on all issues so triable.  She has tendered the appropriate fee.

### XIII. Request for Disclosure

You are requested to disclose the information or material described in Rule 194.2 at or within 30 days after the filing of the first answer.  With regard to the material described in Rule 194.2(b), please answer to the full extent authorized by the rules, which should include the names of all individuals and entities with an ownership interest in the business.

### XIV. Prayer

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendant be cited to appear and answer and that upon final hearing she obtain judgment providing her with all compensatory damages sought herein including attorney fees not to exceed $74,999.00, and Plaintiff will not seek, ask for, or accept an amount of damages in excess of $74,999.00, exclusive of interest and costs.

Respectfully submitted,

**MARTINEZ & MARTINEZ LAW FIRM, PLLC**
*Attorneys for Plaintiff*
2110 E. Yandell Dr.
El Paso, Texas 79903
(915) 541-1000
(915) 541-1002 (Facsimile)

By: */s/ Raymond D. Martinez*
**RAYMOND D. MARTINEZ**
State Bar No. 24002537
raymond@martinezlawyers.com

# EXHIBIT A

| | |
|---|---|
| **MARGARITA BALDERAS,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § |
| | § |
| **ISS ACTION, INC.** | § |
| | § |
| **Defendant.** | § |

## BINDING STIPULATION OF MARGARITA BALDERAS

THE STATE OF TEXAS
COUNTY OF EL PASO

BEFORE ME, the undersigned authority, personally appeared Margarita Balderas, who being by me duly sworn, deposed as follows:

My name is Margarita Balderas, I am of sound mind, capable of making this Affidavit, and personally acquainted with the facts herein stated:

"I have filed a lawsuit against ISS Action, Inc. This lawsuit arises from Defendant's violation(s) of Tex. Labor Code, Section 21.001, et. seq.

The amount in controversy in this lawsuit is less than or equal to $74,999.00. If no members of Defendant are citizens of the same State as Plaintiff, I will not ask my attorneys to seek, nor will I ask a court or jury to award, damages including attorney's fees in an amount in excess of $74,999.00, plus interest and cost.

By the phrase "interest and costs," as those terms are used herein, I intend those terms to have the same meaning as they have under the federal removal statute, which I understand is 28 U.S.C. Section 1332.

This stipulation has no application, force, or enforceability in an arbitration forum or other alternative dispute resolution environment except non-binding mediation as part of a court proceeding.

By signing this Affidavit, if no members of Defendant are citizens of the same State as Plaintiff, I am agreeing to be bound by the statements contained herein, forever, regarding the Defendant's violation(s) of Tex. Labor Code, Section 21.001, et. seq. incident and lawsuit relating thereto."

FURTHER AFFIANT SAYETH NOT

_____
Margarita Balderas

SWORN TO AND SUBSCRIBED before me on the 29th day of June, 2023.

My Commission Expires:

CYNTHIA ANA HERNANDEZ
Notary Public, State of Texas
Comm. Expires 10-05-2024
Notary ID 130850621

_____
NOTARY PUBLIC in and for the
State of Texas